PER CURIAM.
This matter was initiated as an appeal of an interlocutory order entered in a probate proceeding. We designated the appeal as a petition for certiorari, as provided for by § 59.45, Fla.Stat., F.S.A. The administra-trix of an estate thereby presents for review an order of the county judge’s court in Dade County for production of documents in the hands of the administratrix, relating to the assets and affairs of the decedent. The application was for discovery, and was sought on the ground that it was needed to properly and fully prepare a claim against the estate. In his order the county judge noted certain facts relating to prior association between the party seeking production and the decedent, and was of the opinion that it would be equitable to grant the request in the circumstances.
The jurisdiction of the county judge’s court in probate matters does not encompass suits for discovery such as may be brought in a court of equity. See 10 Fla.Jur., Discovery, § 3. The person who applied for production here was not a creditor who had filed a claim, or shown to be entitled to share in the estate. Provision is made by statute for production in probate proceedings (§ 733.51, Fla.Stat., F.S. A.), on application of “any creditor, legatee, distributee, devisee or heir at law.” This respondent was not in any of the categories named in the statute, and therefore not entitled to an order to produce thereunder, nor was she a party to a civil suit or action so as to make operative rule 1.28, F.R.C.P., 30 F.S.A., for production of documents.
We hold, therefore, that the learned county judge departed from essential requirements of law when he entered the challenged order. The petition for such order should have been denied without prejudice. Accordingly, certiorari is granted and the order is quashed.
It is so ordered.